# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-61971-DPG-GAYLES

BROOKE MIZRACHI,

    Plaintiff,

v.

TRANS UNION, LLC, et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Trans Union, LLC's ("Trans Union") Motion to Dismiss [ECF No. 23]. The Court has carefully reviewed the Motion, the record, and applicable law and is otherwise fully advised. For the reasons that follow, Trans Union's Motion is granted.

## BACKGROUND

Brooke Mizrachi ("Plaintiff") sued Trans Union, a credit reporting agency ("CRA"), for two causes of action: willful (Count 1) and negligent (Count 2) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Plaintiff's claims are based on Trans Union's alleged publication of erroneous information in her credit report, which has caused Plaintiff harm.

### I. Allegations in the Complaint

On or about June 13, 2018, Plaintiff sent Trans Union a letter disputing the accuracy of two debt accounts published on her credit report relating to medical services she received in connection with the birth of her son. Plaintiff claims the first, a Credit Collection Services ("CCS") debt, is inaccurate because Dr. Aronson, her treating physician, or an insurance company has paid the debt in full. (Complaint ¶¶ 36, 38.) Plaintiff alleges that the second, a

Nationwide Recovery Service, Inc. ("Nationwide") debt, is inaccurate because the medical services she received were "covered" and "should have been paid" by Medicaid. (Complaint ¶ 24.) Plaintiff also avers the Nationwide debt is not her responsibility because the Medicaid program paid the debt. (Complaint ¶ 26.)

Plaintiff alleges Trans Union continues to publish inaccurate information in her credit report despite Plaintiff's notice to Trans Union that the information was inaccurate. Plaintiff asserts she suffered harm as a result of Trans Union's publication of inaccurate information in her credit report, specifically: a lower credit score, reduced creditworthiness, and emotional anguish. Trans Union maintains, however, Plaintiff does not have a cause of action because Plaintiff's claim is a collateral attack against the validity of the debts and is not based on Trans Union negligently or willfully reporting a factual inaccuracy.

## II. Procedural Background

On August 21, 2018, Plaintiff filed a 12-count complaint against five defendants: Trans Union, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), CCS, and Nationwide. Four defendants (Equifax, Experian, CCS, and Nationwide) filed answers. Plaintiff voluntarily dismissed Equifax on October 11, 2018. Trans Union moves to dismiss Count II with prejudice, arguing that Plaintiff fails to adequately allege that her credit report was factually inaccurate. Trans Union also claims Count I must be dismissed because Plaintiff fails to allege facts that demonstrate a willful violation of FCRA.

## **ANALYSIS**

## I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)). Although this pleading standard

"does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## II.     Discussion

FCRA mandates that CRAs publish accurate information in a consumer's credit report. CRAs must adhere to reasonable procedures that ensure an individual's credit information is being reported with "maximum possible accuracy." 15 U.S.C. § 1681e(b). A CRA that "willfully fails to comply" with the requirements of the statute is liable to the consumer for actual, statutory, or punitive damages. 15 U.S.C. § 1681n(a). A CRA that negligently fails to comply with any requirement imposed by FCRA is liable to that consumer "in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). Plaintiff's Complaint alleges reporting errors for the CCS and Nationwide debt collection accounts because she is not responsible for those accounts. Trans Union argues that Plaintiff is disputing the legal validity of her underlying debts rather than the factual accuracy of the information published by Trans Union in Plaintiff's credit report.

Plaintiff fails to adequately allege either of her claims. Although Plaintiff alleges background facts regarding her credit report and communications with Trans Union, within each count she merely recites legal conclusions without any facts that allow the reasonable inference that Trans Union's conduct was willful (Count I) or negligent (Count II). *Twombly*, 550 U.S. at 556. Therefore, Plaintiff has not pled facts necessary to state a claim against Trans Union for a willful or negligent violation of FCRA.[1]

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF NO. 23] is **GRANTED**. The Complaint is **DISMISSED without prejudice**. Plaintiff shall file an Amended Complaint within 10 days of the date of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of January, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

1     The Court notes that Plaintiff has also pled inconsistent factual allegations with respect to the Nationwide debt account. In her Complaint, Plaintiff alleges in one paragraph that the Nationwide account "should have been paid" by Medicaid (Complaint ¶ 24) and in another that she "is not the responsible party" for the debt because the account "was paid" by Medicaid. (Complaint ¶ 26.) Thus, the Complaint does not clearly state whether the Nationwide debt account has been paid in full. Plaintiff's inconsistent factual allegations require the Court to dismiss the Nationwide claim without prejudice. *Twombly*, 550 U.S. at 558. ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.")